**JUDGE KATHLEEN CARDONE**

**Attachment 2 - EEOC Complaint Form**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
__El Paso__ DIVISION

___Joseph P. Smith___

(Name of plaintiff or plaintiffs)

**EP23CV0390**

Civil Action Number:

v.

___Merrick B. Garland___

___U.S. Department of Justice___

___Agency - US Marshals Service___

(Name of defendant or defendants)

(Supplied by Clerk's Office)

## COMPLAINT

1. This action is brought by ___Joseph P. Smith___, Plaintiff, pursuant to the following selected jurisdiction:

**(Please select the applicable jurisdiction)**

[X] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[ ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[ ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[ ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[ ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant ___Joseph P. Smith___ (Defendant's name) lives at, or its business is located at ▬▬▬▬▬ ___United States___ (street address), ___7542 Adobe Dr___ (city), ___El Paso___ (state), ___TX___ (zip). ___79915___

Rev. Ed. October 26, 2017

28

3a.   Plaintiff sought employment from the defendant or was employed by the defendant at _United States (various locations) 660 S Mesa Hills_ (street address), (city), _El Paso_ (state), _TX_ (zip).

3b.   At all relevant times of claim of discrimination, Defendant employed _114,000 approximately_ (#) employees. If defendant is a union, at all relevant times of claim of discrimination, Defendant had _1_ (#) members.

4.    Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about _____(month) _____(day) ___ (year). If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts: _November 2017 to present_

5.    Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about _____ (month) _____(day) _____(year). (Not applicable to federal civil service employees). _Complainant is a federal employee_

6a.   The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on (month) _federal employee_ (day) _federal employee_ (year). (Not applicable to ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:**   PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.

6b.   Please indicate below if the E.E.O.C issued a **Determination** in your case:

[ ] Yes
[X] No

**VERY IMPORTANT NOTE:**   IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT

7.    Because of plaintiff's:

**(Please select the applicable allegation(s))**

[ ]   Race (If applicable, state race) _____

[ ]   Color (If applicable, state color) _____

Rev. Ed. October 26, 2017

29

[ ] Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)
[ ] Religion (If applicable, state religion) _____

[ ] National Origin (If applicable, state national origin) _____

[ ] Age (If applicable, state date of birth) _____

[ ] Disability (If applicable, state disability) _____

[X] Prior complaint of discrimination or opposition to acts of discrimination. (Retaliation) (If applicable, explain events of retaliation) *Please see attachment*

The defendant: **(please select all that apply)**

[ ] failed to employ plaintiff.

[ ] terminated plaintiff's employment.

[ ] failed to promote plaintiff.

[ ] harassed plaintiff.

[X] other (specify) *The plaintiff alleges constructive discharge*

8a.   State **specifically** the circumstances under which defendant, its agent, or employees discriminated against plaintiff **PERSONALLY**: *Please see attachment*

**VERY IMPORTANT NOTE:**   INCLUDE <u>SPECIFIC DATES</u>, <u>SPECIFIC EVENTS</u>, AND ANY <u>SPECIFIC COMMENTS</u> MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.

8b.   List any **witnesses** who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

*The plaintiff, Michael Sharboneau, can testify to circumstances supporting a claim of an intolerable work environment, and serve as impeachment witnesses*

8c.   List any **documentation** that would support plaintiff's allegations and explain what the documents will prove:
*US Marshals Service EEO Report of Investigation Docket No. USM-2023-00027* — *relevant to all elements of constructive discharge. Contains a majority of the documents necessary to prove the case. Documents necessary for fact finder*

Rev. Ed. October 26, 2017

30

- a small handful of emails not contained in the RCI that show retaliatory intent on the part of Agency management, and help to complete the record

- documents and written communications in possession of the Agency that can help demonstrate motive.

9. The above acts or omissions set forth in paragraphs 7 and 8 are:

[X] still being committed by defendant. - The ongoing nature of constructive discharge
[ ] no longer being committed by defendant.

10. Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[ ] Defendant be directed to employ plaintiff.

[ ] Defendant be directed to re-employ plaintiff.

[ ] Defendant be directed to promote plaintiff.

[X] Defendant be directed to _please see attachment_
and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

10-19-2023
Date

G/ Aut
Signature of Plaintiff

7542 Adobe Dr  (El Paso TX 79915)
Address of Plaintiff

El Paso    TX           79915
City       State        Zip Code

Telephone Number(s)

(915) - 271 - 0763

Rev. Ed. October 26, 2017

31



**U.S. Department of Justice**
Complaint Adjudication Office

Agency No. USM-2023-000274

150 M St NE, Room 6.1612
Washington, DC 20530

September 25, 2023

Mr. Joseph Smith

Dear Mr. Smith:

    This is in reference to your complaint of discrimination that you filed against the United States Marshals Service (USMS). Under federal equal employment opportunity regulations, the Department of Justice renders the final decision on your complaint. Enclosed is the final Department of Justice decision which concludes that the record does not support your claim of retaliatory harassment. If you disagree with any part of this decision, please follow the instructions below.

<u>Rights of Appeal</u>

    You have certain rights of appeal from this decision. First, because your complaint contained a claim of constructive discharge, you have the right to appeal this decision to the Merit Systems Protection Board (MSPB). Such an appeal must be filed within thirty days of the date you receive this notification. During this coronavirus health crisis, the MSPB strongly recommends that you file your appeal electronically using its e-Appeal Online system which may be accessed through the MSPB website at e-appeal.mspb.gov. Please send a copy of your appeal to the USMS' EEO Officer, Marcus Williams.

    If you wish to file a paper appeal with the MSPB, the appeal should be mailed to Merit Systems Protection Board, Dallas Regional Office, 1100 Commerce Street, Room 620, Dallas, TX 75242-9979. A copy of the appeal form is enclosed. If filing by mail, send a copy of the appeal to Marcus Williams, EEO Officer, United States Marshals Service, Crystal Gateway 3, 5th Floor, Washington, DC 20530. Please note that the MSPB has cautioned that those who file paper appeals by regular mail may experience processing delays. Again, the use of the MSPB's e-Appeal Online system is encouraged to minimize any disruption to the adjudication of your appeal.

Second, you have the right to file a complaint in the appropriate United States District Court within thirty days of the date you receive this notification. In filing your federal complaint, you should name Attorney General Merrick Garland as the defendant. If you decide to file a civil action and do not have or are unable to obtain the services of an attorney to act on your behalf, you may request the court to appoint an attorney to represent you. The court may also permit you to file the civil action without payment of fees, costs, or security. If you want to request appointment of an attorney, your request must be filed with the court within thirty days of the date you receive this decision.

Sincerely,

*C. Doug Ke*

C. Douglas Kern
Complaint Adjudication Officer

cc: Margo Chan
    Marcus Williams
    Richard Toscano

U.S. Department of Justice

# Complaint of Discrimination
*(See instructions on reverse)*

USM-2023-000274

**PRIVACY ACT STATEMENT.** 1. AUTHORITY- The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108. 2. PURPOSE AND USE-This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), sexual orientation or reprisal.

The signed statement will serve as the record necessary to initiate an investigation and will become part of the complaint file during the investigation; hearing, if any; adjudication, and appeal, if one, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE-Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

**1. Complainant's Full Name**
Joseph Smith

**Street Address, RD Number, or Post Office Box Number**
7542 Adobe Dr

**City, State and Zip Code**
El Paso TX 79915

**Email Address**
Radarjocky@aol.com

**2. Your Telephone Number** *(including area code)*
Home 915-271-0763
Work ___
Cell ___

**3. If you are represented, please provide relevant contact information (name, address, telephone number, email address)**
NA

**4. Which Department of Justice Office Do You Believe Discriminated Against You?**
United States Marshals Service

**B. Street Address of Office**
1215 S Clark St

**C. City, State and Zip Code**
Arlington VA, 22202

**5. Current Work Address**
retired

**A. Name of Agency Where You Work**
US Marshal's (retired)

**B. Street Address of Your Agency**
retired

**C. City, State and Zip Code**
retired

**D. Title and Grade of Your Job**
Senior Inspector GS-13

**6. Date on Which Most Recent Alleged Discrimination Took Place**

| Month | Day | Year |
|---|---|---|
| 02 | 14 | 2023 |

**7. Check Below Why You Believe You Were Discriminated Against?**

- ☐ Race (Give Race(s)) ___
- ☐ Color (Give Color) ___
- ☐ Religion (Give Religion) ___
- ☐ Sex (Give Sex)   ☐ Male   ☐ Female   ☐ Other
- ☐ Sexual Harassment   ☐ Non-sexual Harassment
- ☐ Age (Give Age) ___
- ☐ National Origin (Give National Origin) ___
- ☐ Disability   ☐ Physical   ☐ Mental
- ☐ Genetic Information
- ☐ Sexual Orientation
- ☐ Gender Identity
- ☒ Reprisal
- ☐ Parental Status
- ☐ Class Complaint

**8. Explain How You Believe You Were Discriminated Against** *(treated differently from other employees or applicants)* Because of Your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Genetic Information, Sexual Orientation, Gender Identity, Parental Status, or Reprisal. Do not include specific issues or incidents that you have not discussed with your EEO Counselor. *(You may continue your answer on another sheet of paper if you need more space.)*

The US Marshals Service subjected the Complainant to a working enviornment that a reasonable person would find hostile and intolerable. The Agencies actions were the proximate cause of serious psychological injuries to the Complainant. The Agency failed to take independent actions to change such enviornment, to mitigate the injuries to the Complainant and interfered with or failed to assist the Complaiant in seeking remedies and in utilizing leave. The Agency resisted implementation anf failed to fully implement damages ordered for such injuries in a previous EEOC case. The Agency made false and exaggerated claims against the Complainant which it relied upon in taking various negative actions against the Complainant. The Agency expressed it's desire to see the Complainant seperate from the Agency.

**9. What Corrective Action Do You Want Taken on Your Complaint?**

The Complainant asserts that his seperation and retirement from the Agency was not voluntary as the working conditions and enviornment were hostile and intolerable by any reasonable standard. The Complainant wishes to be compensated for front pay damages consistent with the difference between his pension/ benefits vs the compensations he would have recieved had he been able to continue his employment to or near to mandatory retirement. The Complainant seeks other pecuniary and non-pecuniary damages. The Complainant seeks Agency reform and personnel actions so as to assist in preventing future reprisals against others.

**10. A) I have discussed my complaint with an Equal Employment Opportunity Counselor and/or other EEO Official.**

**B) Name of Counselor**
Eunice Henderson

☐ I Have Not Contacted an EEO Counselor

**DATE OF FIRST CONTACT WITH EEO OFFICE:**
January 8th 2023

**DATE OF RECEIPT OF NOTICE OF FINAL INTERVIEW WITH EEO COUNSELOR:**
February 6th 2023

**11. Date of This Complaint:**
Month February   Day 14th   Year 2023

**12. Sign Your Name Here:** *[signature]*

# EEO COUNSELING REPORT
## INDIVIDUAL COMPLAINT of DISCRIMINATION under 29 C.F.R. §1614.105(c)
## UNITED STATES DEPARTMENT OF JUSTICE
## U.S. MARSHALS SERVICE

**Docket Number: USM-2023-000274        #**

**PART 1:        COMPLAINANT PERSONAL INFORMATION**

| | |
|---|---|
| Complainant's Name: | Joseph Smith |
| Position Title/Series/Grade: | Senior Inspecter (SI)- 1811/GS13-7 |
| Complainant's Place of Employment (including District/Division and City/State): | IOD |
| Work/Daytime phone: | N/A |
| Work email address: | N/A |
| Complainant's Home Address, primary phone and personal email address: | 7542 Adobe Drive<br>El Paso, TX 79915<br>915-271-0763 (cell)<br>radarjockey@aol.com |
| Complainant's Representative (if any): Mailing address, phone number and email: | N/A |

**PART 2:        CHRONOLOGY OF EEO COUNSELING**

| | |
|---|---|
| Date of initial request for EEO counseling: | January 9, 2023 |
| Date EEO Counselor assigned: | January 10, 2023 |
| Date of initial interview: | January 13, 2023 |
| Date of Agreement to Extend Counseling: (includes date Complainant makes ADR election) | N/A |
| Date final interview conducted: | Mr. Smith opted not to participate in a final interview if his complaint could not be resolved. |
| Date Notice of Right to File Issued: | February 6, 2023 |
| Date Counseling Report submitted: *(reports are due within 15 days of issuance of NORTF or 5 days after EEO office request) | February 6, 2023 |

Name of EEO Counselor:    Ennise Y. Henderson

Office Address:    Office of Equal Employment Opportunity
                   Crystal Gateway 3, 5th Floor
                   United States Marshals Service
                   Washington, DC 20530-0001
Telephone:         (703) 740-8500

Signature of EEO Counselor: *Ennise Henderson*        Date: February 6, 2023

*PART 3:*          *BASIS OF DISCRIMINATION ALLEGED*
*Select all bases that apply and fill in specifics where indicated:*

Race

- American Indian/Alaska Native
- Asian
- Native Hawaiian or Other Pacific Islander
- Black/African American
- White
- Mixed/Two or More Races

Color (specify):

Religion (specify):

National Origin

- Hispanic/Latino (specify):
- Other (specify):

Sex

- Male
- Female
- LGBT

Pregnancy

**Reprisal** (specify prior EEO activity): <u>**filed prior EEO complaints: USM-2019-00734; USM-2022-000600 and USM-2022-000699**</u>

Age:

Disability:

- Mental (specify):
- Physical (specify):

Other/Departmental Processing:

- Genetic Information
- Sexual Orientation
- Gender Identity
- Parental Status
- Class Complaint

*PART 4:*         *CLAIM/ISSUE (EMPLOYMENT RELATED MATTER)*
                  *Select all claims that apply*

- A. Appointment/Hire
- B. Assignment of Duties
- C. Awards
- D. Conversion to Full Time/Permanent Status
- E. Disciplinary Action
    - E.1. Demotion
    - E.2. Reprimand
    - E.3. Suspension
    - E.4. Removal
    - E.5. Disciplinary Warning
- F. Duty Hours
- G. Performance Evaluation/Appraisal
- H. Examination/Test
- I. Harassment
    - I.1. Non-Sexual
    - I.2. Sexual
- J. Medical Examination
- K. Pay – Including Overtime
- L. Promotion/Non-selection
- M. Reassignment
    - M.1. Request Denied
    - M.2. Directed
- N. Reasonable Accommodation
- O. Reinstatement
- P. Religious Accommodation
- Q. Retirement
- R. Sex-Stereotyping
- S. Telework
- T. Termination
- U. Terms/Conditions of Employment
- V. Time & Attendance
- W. Training
- X. **Other (please specify):** <u>constructive discharge</u> (forced into early retirement)

*PART 5:*       *ALLEGATION OF DISCRIMINATION*

Date of alleged discriminatory event/incident: January 7, 2023

District/Division where alleged discrimination occurred:    Investigative Operations Division (IOD) Arlington, Virginia

Responsible Management Officials (RMOs) identified:

- Name of RMO: Ronald L. Davis
  Job Title: Director, USMS
  District or Division, City/State: Office of the Director/Arlington, VA

- Name of RMO: Paul Kiernan
  Job Title: Deputy Assistant Director
  District or Division, City/State: Office of the Director/Arlington, VA
  Phone number and/or email address: Paul.Kiernan@usdoj.gov

- Name of RMO: Jennifer Armstrong
  Job Title: Deputy Assistant Director (3rd Line Supervisor)
  District or Division, City/State: IOD/Arlington, VA
  Phone number and/or email address: Jennifer.Armstrong@usdoj.gov

- Name of RMO: David Smith
  Job Title: Chief Inspector (2nd Line Supervisor)
  District or Division, City/State: IOD/Arlington, VA
  Phone number and/or email address: David.Smith15@usdoj.gov

- Name of RMO: Thomas O'Brien
  Job Title: Assistant Chief Inspector (1st Line Supervisor)
  District or Division, City/State: IOD/Arlington, VA
  Phone number and/or email address: Thomas.A.OBrien@usdoj.gov

- Name of RMO: James Sturdifen
  Job Title: Assistant Chief Inspector
  District or Division, City/State: Internal Affairs/Arlington, VA
  Phone number and/or email address: James.Sturdifen@usdoj.gov

**Allegation of Discrimination:** (Provide a brief description of complaint, summarizing actions which caused counseling to be sought and which the aggrieved believes are discriminatory.)

Mr. Smith alleged that in reprisal for his previous EEO complaints (USM-2022-000600 and USM-2022-000699), the Agency and management created a hostile work environment including, but not limited to: causing his psychological injuries; 2) causing him to exhaust all his leave balances; and 3) refusing to provide any other form of leave or filing OWCP claims on his behalf. Consequently, Mr. Smith asserts he was forced to retire (constructive discharge) on January 7, 2023.

*If complaint appears to be untimely, what explanation is offered by the aggrieved to explain why contact was not made within the statutory 45 (forty-five) day requirement?* N/A

**Requested Remedy:**

Mr. Smith seeks the following:

*"I'm seeking damages in the form front pay in the amount of the difference between post retirement income and the income and benefits I would have received had I been able to continue in my position. I'm additionally seeking damages for the Agencies failure to support my OWCP claims, or otherwise attempt to mitigate the damages caused by exhausting my leave balances as a result of a psychological injury visited upon me by the Agency's actions."*

On the same matter, has Complainant filed a grievance under negotiated grievance procedure? No

On the same matter, has Complainant filed a grievance under the Agency grievance system? No

If the issue presented constitutes a Mixed-Case complaint, has Complainant appealed to the Merit Systems Protection Board? No

If grievance or appeal has been filed, what is its status? N/A

*PART 6*    *SUMMARY OF EEO COUNSELING INQUIRY*
             *INFORMATION DEVELOPMENT DURING INFORMAL INQUIRY*

In narrative format, identify the source of each fact; relevant documents provided by employee/applicant, management officials involved, other witnesses, and/or personnel, noting whether the document is attached to the report or merely reviewed.

### Contacts/Interviews during EEO Counseling Inquiry

**Complainant: Joseph Smith (prior EEO activity), Senior Inspecter (SI), GS-1811-13**
**Date of Interview: January 13, 2023**

Mr. Smith said there were no recent incidents of harassment (verbal, physical or mental), but he has been subjected to ongoing harassment since 2017. He also asserted that his decision to retire was forced based on the Agency's retaliatory actions that have carried over from his previous EEO complaints (EEO Docket Nos. USM-2022-000600 and USM-2022-000699) filed in Summer 2022 and the findings against the Agency in Docket No. USM-2019-00734 in October 2022. He maintained that any reasonable person would retire based on the retaliatory and harassing actions by management.

**Management Witness: David Smith (prior EEO activity), GS-1811-15, Chief Inspector, Investigative Operations Division (IOD), Organized Crime and Gangs (OCAG)**
**Date of Interview: January 31, 2023**

Chief Inspector Smith said he has not spoken with Joseph Smith since October 2020. However, he mentioned that, in the last couple of weeks, there has been a lot of conversation about Mr. Smith. Specifically, he noted that, in the last year, the Office of General Counsel (OGC) has been handling most things related to Joseph Smith and most of the conversations Mr. Smith has had with IOD personnel has been through the OGC.

Chief Inspector Smith stated that Joseph Smith placed himself on restrictive duty by saying that, due to his mental health, it was not safe for him to be at work. Mr. Smith was officially placed on restrictive duty in May 2020. Chief Inspector Smith further said that Mr. Smith became very difficult to work with once he was placed on restrictive duty; Mr. Smith would not answer calls and emails and failed to acknowledge them in a timely manner (e.g., a month to respond to an email).

Lastly, Chief Inspector Smith stated it was management's understanding that Mr. Smith would return to work at some point, and Mr. Smith's retirement was a complete surprise to him and IOD management.

**Summary of Resolution Attempt:**

This complaint could not be resolved. The Notice of Right to File a Discrimination Complaint was issued to Mr. Smith on February 6, 2023.

**Documents Reviewed:**

- Joseph Smith's email to EEO office

## BACKGROUND/INITIAL PLEADING

The Plaintiff is a retired Senior Inspector with the Investigative Operations Division (IOD) of the US Marshal's Service (USMS). The Investigative Operations Division of the USMS was a Headquarters branch of the Agency with several special investigative functions and several Senior Inspectors assigned in the Washington D.C. area and remotely to other domestic and international offices. The members of the Investigative Operations Division functioned outside the USMS District chain of command and reported directly through their own headquarters management. During most of the time that the Plaintiff was a member of the Investigative Operations Division, Senior Inspectors were supervisory graded personnel that performed special functions within the Agency depending on their particular assignment. Senior Inspectors were sometimes assigned to work individually in remote offices and/or as representatives to other Agencies, working groups, or sometimes foreign governments. The Plaintiff was a member of the International Investigations Bureau from approximately 2011 to 2015 and was assigned in the functional capacity of an assistant country attache under the Mexico City foreign field office assigned to the US Consulate in Juarez Mexico. From 2015 to the date of his retirement on January 7th 2023 the Plaintiff was assigned as a Senior Inspector and sole IOD representative to the Organized Crime Drug Enforcement Task Force (OCDETF) in El Paso Texas. Until 2016 the Complainant was the sole USMS represetative to the OCDETF task force. The Plaintiff's role involved among other things aiding other member Agencies in investigations of high level fugitives particularly those believed to be present in the Republic of Mexico, providing liason to various international entities, providing a conduit to other USMS technical investigative services and serving as the voting presence for the USMS at various Agency stakeholder meetings.

During 2016 the Plaintiff was assigned a Deputy US Marshal from the El Paso Texas field office; Michael Sharboneau. The Plaintiff functioned as a detail supervisor to Sharboneau, except for periods where Sharboneau was temporarily promoted to an IOD Senior Inspector position. During 2017 the Plaintiff engaged in EEOC opposition activity on behalf of Sharboneau involving the recovery of electronic evidence regarding an EEOC Complaint which had been deleted through the efforts of the Western District of Texas and IOD headquarters management personnel. From late 2017 to his retirement in 2023 the Plaintiff was subject to various and severe forms of retaliation and a hostile work enviornment as substantiated in EEOC case 570-2020-01128X as detailed in the ROI page 133-178. The Plaintiff acted pro-se eventually obtaining a hearing and becoming the prevailing party in October of 2022. Of the harms visited upon the Plaintiff by the Agency were psychological injuries as found in the

1

aforementioned case (ROI page 153 ""The Administrative Judge finds that the decline in Complainant's mental health was proximately caused by the hostile work environment and reprisal.") The Plaintiff was unable to seek medical help or indeed take any form of sick leave for several years as a result of another act of reprisal visited upon him by the Agency in the aforementioned case; namely a form of leave restriction; "Page 11 finding of fact #91 of Judge Qualtroughs decision in the same case ROI page 145 "Complainant suffered emotional distress as a result of Nunley's retaliation and the hostile work environment. The retaliation and hostile work environment contributed to the psychological injury suffered by Complainant and caused Complainant further injury by keeping him from taking needed leave to seek medical treatment for these injuries.".

It wasn't until April of 2022 that the Plaintiff managed to obtain medical help, the Plaintiff alleges that he was again met with illegal actions by the Agency in the form of FMLA interference and retaliation; which the Plaintiff asserts was motivated by both FMLA and EEOC retaliatory motives as detailed in paragraphs 16a through 16k pages 9-12 of the Plaintiff's Case Advocacy document to the Department of Justice (DOJ) fact finder/Complaint Adjudicating Officer (CAO). The Plaintiff in compliance with Agency policy and as a matter of public and personal safety made his diagnosis known to the Agency and was found unfit for duty in May of 2022. The Agency recovered the Plaintiff's credentials, Agency firearms, and vehicles and the Complainant spent several months attempting to fully recover from the injuries visited upon him by the Agency. While the Plaintiff had made very good progress toward recovery by the time of the Plaintiff's retirement on January 7th 2023 the record shows that he was still considered by the Agency as unfit for duty based on his injuries. The Agency refused to assist the Plaintiff in filing for workers compensation claims (OWCP) and refused to extend him advanced sick leave in January of 2023.

The Agency refused to remove the leave restrictions which caused the aggravation of the aforementioned psychological injuries as well. The Agency was eventually ordered to do so by decision of the Administrative Judge and DOJ CAO (Complaint Adjudicating Officer) in October of 2022, the Agency was given 30 days to do so. The record shows that the Agency allowed those leave restrictions to remain in effect until at least December of 2022, and to the knowledge of the Plaintiff never communicated to him that they were lifted at all necessitating an appeal to the EEOC OFO for enforcement of the original orders.

The Plaintiff asserts that the Agency management engaged in numerous other acts of reprisal between 2020 and the date of his retirement that further contributed to the totality of the circumstances surrounding his case making his already aggravated and intolerable situation even more untenable.

These acts include damaging the Plaintiff's professional reputation and standing; exposing the

2

Plaintiff to extreme scrutiny resulting in numerous accusations of wrongdoing and a 7 day suspension calculated to attempt to terminate the Plaintiff's employment; refusal on the part of the Agency to voluntarily mitigate any of the harms to the Plaintiff; in violation of Agency policy, refusal on the part of the Agency to make any attempts to hold managers accountable for previous sustained acts of retaliation against the Plaintiff; requesting the Plaintiff's retirement as part of an unsolicited global settlement offer after the Plaintiff was a prevailing party in an EEOC hearing (note there is a dispute between the Agency and the Plaintiff as to whether this communication is protected under rule 408); refusal on the part of the Agency to aid the Plaintiff in filing for OWCP while the Plaintiff was on sick leave; refusal on the part of the Agency to implement ordered relief to the Plaintiff as the prevailing party in an EEOC case in a timely fashion or at all.

It's the Plaintiff's assertion that the circumstances, harms, and injuries imposed upon him through the Agency's acts of retaliation and harrassment were aggregious and created an objectively intolerable working enviornment to any reasonable person. It's the Plaintiff's further assertion that these actions were motivated by retaliatory animus on the part of the Agency for the Plaintiff's engagement in several protected EEOC activities. As such the Plaintiff asserts that his retirement on January 7th 2023 was involuntary by any reasonable standard, and that he is entitled to relief (please refer to attached damages statement).

FIRST CAUSE OF ACTION Incorportating the previous statements the Plaintiff alleges that the Defendant created a cause of acting when it acted in violation of Title VII of the Civil Rights Act when it retaliated against the Plaintiff in response to the Plaintiffs protected EEO activity causing injuries that rendered the Plaintiff unable to work resulting in his involuntary resignation and constructive discharge from the Agency.

SECOND CAUSE OF ACTION Incorportating the previous statements the Plaintiff alleges that the Defendant created another cause of action when it acted, again in violation of title VII of the Civil Rights Act when, through it's acts of retaliation and the creation of a hostile working enviornment that caused the Plaintiff injuries that created an objectively intolerable working enviornment resulting the involuntary resigation of the Plaintiff and his Constructive Discharge.

The Plaintiff asserts to the Court that this filing is undertaken in good faith and for legitimate legal purposes and contains allegations warranted by law and supported by evidence.

The complaint and the facts stated therein are within my knowledge and true and correct to the best of my knowledge, except such matters as stated on information and belief, and as to those I beleive them to be true and correct. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge

Joseph Smith 10-20-2023

3

# DAMAGES

## Future pecuniary losses or Front pay

1. It's the Complainants position that the evidence presents a totality of circumstances that denied the Complainant or any reasonable person in his situation the freedom of choice to continue working by virtue of an intolerable and aggravatedly hostile work enviornment. The Complainant further asserts that when aplied to the appropriate standards and body of law this renders his retirement involuntary. The Complainat further asserts that alternative forms of damages such as reinstatment are for all practical purposes impossible given the retaliatory animus demonstrated by the Agency and the expressed unwillingness of both the Agency and the Complainant to engage in any further working relationship. In the absence of highly compelling evidence that mitigates the Agency's liability toward future pecuniary losses or front pay to the Complainat; the Complainant requests that the Court find that the Agency is liable for make whole (or nearly so) relief to the Complainant for the monetary difference to account for the amount of future earnings from the date of the Complainants constructive discharge On January 7th 2023 to May 3rd 2028 the Complainants date of mandatory retirement. However the Complainant asserts that the Agency should only be liable for such difference up to January 8th 2028, as it's the Complainants belief that absent the Agency's retaliation he would have most likely chose to retire on that date as it would coincide with the end of the leave year.

2. Therefore the Complainant requests that the Court find that the Agency be ordered to conduct a calculation for the compensatory difference, for all forms of compensation including but not necessarily limited to salary, step increases, paid leave, TSP contributions, and tax losses implications of a lump sum payment, Calculated from a beginning date of January 7th 2023 to January 8th 2028. which it would then pay to Complainant.

3. Or alternatively should the Court prefer the Complainant requests that the Agency be ordered to compensate the Complainant using the following formula. Complainants High 3 salary calculation minus Complainants total annuitie value multiplied by the number of whole years the Complainant would have worked which yields the following in whole dollars. 139,178 minus 58,824 equals 80,354 multiplied by 5 equals $401,770.

## creditable service

4. The Complainant asserts that the forced retirement of the Complainant denied him 5 years of creditable service, had he retired on January 8th 2028 as stated above. The Complainant asserts that the Agency is liable for this amount of future losses. The Complainant requests that the Court order the Agency to change his service record to reflect 5 years of creditable service to begin on January 8th 2028 and to take any all additional necessary steps to insure that he is compensated at that rate in perpetuity including if necessary, compensating the Complainant and any survivors directly from Agency funds.

1

### Equitable relief for failure to act reasonably in mitigating financial harms OWCP

5. It's the position of the Complainant that the Agency created a harm when if failed to take simple administrative measures to aid the Complainant in recovering OWCP compensation for harms found by the EEOC court to have been inflicted by the Agency at work. Had the Agency assisted, the Complainant asserts that he more than likely would have been compensated for his injuries. As a result of the Agency failing to assist the Complainant whom it illegally harmed while at work, The Complainant was forced to use other forms of leave.

6. The Complainant requests that the Court order the Agency to restore any leave balances apart from 40 hours of sick leave taken in March of 2023 which was used for the Complainants spouse and not for the Complainant himself.

### Maximum damages allowable by law

7. Should the Court see fit to award damages to the Complainant and such damages exceed limits set under rule or law the Complainant asks that the damages awarded are set at such limits.

### Court costs

8. The Complainat requests that the court, at it's discretion order the Defendant to pay the Plaintiff's court costs

### Interest

9. The Complainant requests that the court, at it's discretion order the Defendant to pay interest on any monetary damages, in the event that the court awards such damages in an amount consistent with law and standard practices.

### Agency Accountability

10. The Complainant request that the Court enter a finding/judgement that the US Marshals Service engaged in retaliation against the Complainant resulting in involuntary retirement. The Complainant requests that the Agency be directed to send or transmit a copy of such finding to each current member of the Investigative Operations Division OCAG.

11. To the extent that it's within the authority of the Court to do so, and to the extent that the Court identifies sufficient evidence of wrongdoing on behalf of individuals within the Agency in the matters above, and should the Court be so inclined; and regardless of the award or non award of any form of damages to the Complainant; the Complainant respectfully requests that