IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEPH P. SMITH,<br>*Plaintiff*,<br><br>v.<br><br>MERRICK B. GARLAND and U.S.<br>MARSHALS SERVICE,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-23-CV-00390-KC |
| JOSEPH P. SMITH,<br>*Plaintiff*,<br>v.<br><br>MERRICK B. GARLAND and U.S.<br>MARSHALS SERVICE,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | EP-23-CV-00395-KC |

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Plaintiff Joseph P. Smith's "Motion to Compel Production" ("Motion") (ECF No. 78), filed on October 29, 2024. United States District Judge Kathleen Cardone referred the motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. For the reasons set forth below, Plaintiff's Motion to Compel Production is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Plaintiff was employed by Defendant United States Marshals Service. Compl. 14, ECF No. 1. He alleges that, due to his action in filing Equal Employment Opportunity Commission ("EEOC") complaints, he faced retaliation and was constructively discharged in violation of Title VII. *Id.* at 9–11. Plaintiff filed two suits against Defendants Merrick Garland and the U.S. Marshals Service, one alleging constructive discharge and the other alleging retaliation and a

hostile working environment.  Mot. 1, ECF No. 78.  The two cases were consolidated.  *See* Order, ECF No. 26.

Plaintiff's first interrogatories and set of requests for production ("RFPs") were the subjects of two other motions to compel (ECF Nos. 41 and 50) and have already been addressed by this Court.  *See* Mem. Op. & Order, ECF No. 80.  Plaintiff served a second set of RFPs on Defendants on September 16, 2024.  Mot. 1; *see also* Mot. Ex. 1, ECF No. 78-2.  The parties met and conferred on October 29, 2024, regarding Defendants' objections to these requests.  Mot. 2.  They were unable to come to an agreement, and Plaintiff filed the instant motion to compel.

## II.     STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The discovery request must be proportional to the case's needs, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Additionally, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  The court must limit discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* 26(b)(2)(C)(iii).

RFPs "must describe with reasonable particularity each item or category of items to be inspected."  *Id.* 34(b)(1)(A).  This means that the party must be on "reasonable notice of what is called for and what is not."  *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) (quoting *Hager v. Graham*, 267 F.R.D. 486, 493 (N.D.W. Va. 2010)).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested

2

or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." *Id.* 34(b)(2)(C).

The Federal Rules of Civil Procedure allow the party seeking discovery to move for an order compelling "an answer, designation, production, or inspection." *Id.* 37(a)(3)(B). "[T]he party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (cleaned up).

## III.   DISCUSSION

### A. General Objections

Plaintiff argues that the general objections made by Defendants at the beginning of their responses to Plaintiff's second set of RFPs are improper because they are not specific to a particular RFP and do not specify if any responsive materials are being withheld. Mot. 2.

The Court discussed the issue of Defendants' general objections to Plaintiff's interrogatories and first set of RFPs in its order on November 1, 2024, *see* Mem. Op. & Order 7, and agreed with Plaintiff that they were improper. These general objections are also improper for the same reasons. Therefore, the Court will not consider these objections.

### B. RFPs 47–49

RFP 47 asks for "All records in possession of the [U.S. Marshals Service ("USMS")] concerning confidential source payments to USMS CS/CI 315920321 between the dates of September 1st of 2021 and December 31st of 2022." Mot. Ex. 1, at 4.

RFP 48 asks for "[a]ll records in the possession of the USMS concerning confidential source payments made to any CS or CI between the dates of September 1st 2021 and December 31st 2022, for work conducted on fugitive case FID #9279759." *Id.*

RFP 49 requests "[a]ll records in possession of the USMS concerning confidential source payments made to any CS or CI between the dates of September 1st 2021 and December 31st 2022, for work conducted on fugitive case FID #10806439." *Id.*

Defendants objected to these RFPs on the grounds that they are duplicative of Plaintiff's RFP 4. *Id.* But RFP 4 requested only documents and communications regarding Plaintiff's interactions with confidential sources and informants, and so the Court agrees with Plaintiff that these requests are not duplicative. *See* Pl.'s Mot. Compel Produc. 6, ECF No. 50. Defendants also objected that these requests are vague and unduly burdensome but do not argue these objections in their response to Plaintiff's motion to compel. *See* Defs.' Resp. Pl.'s Mot. Compel Produc. 2–4, ECF No. 82. "[A] party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016).

Defendants mostly focus on arguing that these requests are not relevant to Plaintiff's claims and that they are overly broad. Defendants point out that Plaintiff is asking for *all* payments made to a certain confidential informant or in certain cases, not just payments made by Plaintiff, and it is unclear what relevance such payments would have to this case. *Id.* at 4. They provide evidence that Plaintiff was restricted from interacting with confidential informants as of August 9, 2021. Defs.' Resp. Pl.'s Mot. Compel Produc. Ex. 1, at 1, ECF No. 82-1. Further, they state that to their knowledge, this restriction was not lifted before the time of Plaintiff's retirement. Defs.' Resp. Pl.'s Mot. Compel Produc. 4 n.2.

4

In his reply, Plaintiff asserts that, even after he was restricted from interacting with confidential sources, he was still "involved in an advisory capacity" in making payments to the confidential source referenced in RFP 47 in the two cases referenced in RFPs 48 and 49. Pl.'s Mot. Compel Produc. Reply 4, ECF No. 83. Plaintiff asserts that this confidential informant "was paid a significant sum of money in one or both case[s]." *Id.* Plaintiff states that he therefore is requesting the information in RFPs 47 through 49 to show that Defendants' stated reasons for disciplining him are pretextual.[1] *Id.* at 4–5. The Court interprets this as Plaintiff seeking evidence that the type or quantity of payments to confidential informants that he was disciplined for were approved when made by other U.S. Marshals.

Courts typically allow for discovery of evidence that might be used to establish pretext in Title VII and other cases. *See, e.g.*, *Stephens v. City of Austin*, No. 1:12–CV–659–DAE, 2014 WL 3566537, at *7 (W.D. Tex. July 18, 2014) (allowing the plaintiff discovery on whether the defendants' nonretaliatory reasons for terminating her employment were pretextual in a First Amendment retaliation situation); *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (permitting discovery of personnel files in order for the plaintiff to find evidence of pretext in a 42 U.S.C. § 1983 case); *Arters v. Univision Radio Broad. TX, L.P.*, No. 3:07–CV–0957–D, 2009 WL 1313285, at *3 (N.D. Tex. May 12, 2009) (stating that plaintiffs who have the burden of establishing pretext "should not normally be denied the information necessary to establish that claim" (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978))).

---

[1] Under the *McDonnell Douglas* burden-shifting framework used in cases of retaliation under Title VII, a plaintiff must put forth a *prima facie* case of retaliation. *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020). Then, the defendant has the burden of offering a legitimate, nondiscriminatory reason for its actions. *Id.* The plaintiff must then demonstrate that the proffered legitimate, nondiscriminatory reason is pretextual. *Id.*

Since Plaintiff has established the relevance of the information sought and has limited his requests to a small timeframe, the Court will require Defendants to provide responsive documents to these RFPs.

### C. RFP 51

Plaintiff seeks "full access to JDIS (USMS Justice Detainee [I]nformation [S]ystem) in order to conduct inspections regarding USM-11's and references to the Plaintiff in various Agency reports contained within JDIS from 2015 to January 7th 2023." Mot. Ex. 1, at 5. Defendants objected that this request was vague, overly broad, and not proportional to the needs of the case. Defs.' Resp. 4. Defendants also object that Plaintiff did not describe what he is looking for with reasonable particularity and thus has not complied with the Federal Rules of Civil Procedure. *Id.* at 4–5.

"The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not.' . . . The goal is that the description be sufficient to apprise a man of ordinary intelligence which documents are required." *Baker v. Walters*, 652 F. Supp. 3d 768, 778–79 (N.D. Tex. 2023) (quoting *Lopez*, 327 F.R.D. at 575–76). The Court agrees that Plaintiff has failed to specify with reasonable particularity what documents he is looking for. Additionally, Plaintiff's argument appears to focus on the relevance of Plaintiff's activities involving confidential informants, *see* Mot. 3–5, whereas this request would include numerous documents that do not involve confidential informants and thus have not been shown to be relevant to the case. For these reasons, the Court denies Plaintiff's motion to compel with respect to this request.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff Joseph Smith's Motion to Compel Production (ECF No. 78) is **GRANTED in part** and **DENIED in part**.

The Court **FURTHER ORDERS** Defendants Merrick Garland and United States Marshals Service to provide supplemental answers to Plaintiff's Requests for Production 47, 48, and 49 within thirty (30) days from the date of this Order.

**SIGNED** this 14th day of November, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**